IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILY REYES, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-03216 |
| | § | |
| MIDLAND CREDIT MANAGEMENT, | § | |
| INC., | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Midland Credit Management, Inc. ("Defendant" or "Midland") removes this action from the Justice Court, Precinct 3-1 of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, as follows:

## I.  STATE COURT ACTION

1.      On September 18, 2020, Plaintiff Emily Reyes ("Plaintiff") filed her Original Petition (the "Petition") in the Justice Court, Precinct 3-1 of Dallas County, Texas, in an action styled: *Emily Reyes v. Midland Credit Management, Inc.,* Cause No. JS2000800A (the "State Court Action").

2.      In the State Court Action, Plaintiff alleges that Midland violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f, by unfairly continuing to litigate in a separately filed collection lawsuit pending in the Justice Courts for Dallas County, Texas, despite purportedly be served with an arbitration demand.  *See* Petition at 2–3.

3.      Defendant was served with citation and a copy of the Petition on September 21, 2020.  Therefore, this removal is timely under 28 U.S.C. § 1446(b).

1

4.     Defendant removes the State Court Action to this Court on the basis of federal question jurisdiction.

## II.     PROCEDURAL REQUIREMENTS

5.     This action is properly removed to this Court, as the State Court Action is pending within this district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

6.     The United States District Court for the Northern District of Texas, Dallas Division has original jurisdiction over this action based on federal question jurisdiction because the Petition asserts claims arising under federal law.  *See* 28 U.S.C. § 1331.

7.     Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

> **Exhibit A:**  Index of Matters Being Filed
>
> **Exhibit B:**  Civil Cover and Supplemental Civil Cover Sheet
>
> **Exhibit C:**  State Court Docket Sheet
>
> **Exhibit D:**   Plaintiff's Original Petition
>
> **Exhibit E:**  Citation and Return of Service
>
> **Exhibit F:**  Defendant's Original Answer

8.     Simultaneously with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the State Court Action pursuant to 28 U.S.C. § 1446(d).

## III.     FEDERAL QUESTION

9.     The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  *See* 28 U.S.C. § 1331.  A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003).   A claim "arises under" federal law when either (1) the well-pleaded complaint

2

establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)); s*ee also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

10.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States.  Specifically, Plaintiff alleges that Defendant violated the FDCPA, 15 U.S.C. § 1692f.  *See* Petition at 3.  The FDCPA expressly grants this Court original jurisdiction to hear such claims.  *See* 15 U.S.C. § 1692k(d).  Thus, Plaintiff alleges a violation of federal law and her right to relief will necessarily depend upon the resolution of federal law.  Accordingly, this Court has federal question jurisdiction.

## VI.     <u>CONCLUSION</u>

WHEREFORE, Defendant removes this action from the Justice Court, Precinct 3-1 of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

83847796v.1 1008643/00065

Respectfully submitted,

**Daniel Durell**
State Bar No. 24078450
daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Avenue, Suite 2200
Austin, Texas  78701-3055
Telephone: (512) 305-4700
Facsimile: (512) 305-4800 (Facsimile)

A**TTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record as indicated below on this 21st day of October 2020:

**VIA FAX AND EMAIL**
Shawn Jaffer
SHAWN JAFFER LAW FIRM PLLC
13601 Preston Rd., Suite E770
Dallas, Texas 75240
Phone: (214) 494-1871
Fax: (469) 669-0786
Email: shawn@jaffer.law
*Attorney for Plaintiff*

Counsel for Defendant

4

83847796v.1 1008643/00065